## J. D. CAMFIELD

*v.*

## TAYLOR PLUMMER.

### Opinion filed December 22, 1904.

1. PLEADING—*filing answer waives undecided demurrer.* Where it appears from the record that an answer was filed by the defendant leaving his prior demurrer undisposed of, the demurrer will be regarded by the court of review as waived.

2. REAL PROPERTY—*bona fide purchaser protected against prior equitable rights.* One who advances money to another to redeem her property from a foreclosure sale upon her promise to give him the property at her death has only an equitable interest, which can not prevail over the legal title of a subsequent *bona fide* purchaser without notice.

3. WITNESSES—*when grantee may testify in suit by brother of the deceased grantor.* The grantee in a deed may testify in support thereof in a suit by a brother of the deceased grantor, where the complainant does not claim the property nor bring suit as an heir but as a purchaser.

WRIT OF ERROR to the Circuit Court of Moultrie county; the Hon. W. G. COCHRAN, Judge, presiding.

HARBAUGH & THOMPSON, for plaintiff in error.

R. M. PEADRO, for defendant in error.

Mr. CHIEF JUSTICE RICKS delivered the opinion of the court:

This cause was begun in the circuit court of Moultrie county by J. D. Camfield, plaintiff in error in this court, by filing a bill making the defendant in error, Taylor Plummer, and others, defendants, charging that said Plummer was in possession of lot 4, block 5, Hamilton's addition to the city of Sullivan, claiming title thereto, when, in fact, plaintiff in error was the real owner, and further claiming that the said Plummer became a trustee, and as such holds the property in dispute for plaintiff in error and refuses to deliver up possession. The defendant Taylor Plummer answered the bill, and all the minor defendants answered by guardian *ad litem.* Replications to the answers were filed and the cause referred to a master in chancery to report both conclusions of law and fact. The master found the issues for the defendants and recommended the dismissal of the bill. Objections and exceptions were filed to the conclusions and report of the master and overruled, and a decree was entered dismissing the bill. This writ of error is brought to review that record.

It appears from the record that a demurrer was filed to the bill by Plummer and answer also filed without disposing of the demurrer. Under this condition the demurrer will be considered as waived. Taylor Plummer is the only party answering in this court and the only defendant to the bill claiming any interest in the property.

The facts as disclosed from the record are substantially as follows: Kittoria F. Seaney was in 1897, and prior thereto, the owner of the property in dispute and resided thereon until her death. Prior to that time she improved the premises by building a dwelling house upon the lot and became indebted for the material between $800 and $900. A

mechanic's lien was filed against the premises, and to satisfy the same she placed a mortgage thereon, which was not paid at maturity, and foreclosure proceedings were had and a decree of sale was rendered and sale made for the sum of $831.51, being the amount of judgment, interest and costs. Between the time of sale and the expiration of the time to redeem she began to correspond with her half-brother, living in Kentucky, who is the plaintiff in error here, informing him of her condition and asking him to assist her in saving her house. After considerable correspondence with him, and promising that if he would assist her she would give him the entire property at her death, plaintiff in error sent her $900 to settle the amount due. The street had also been paved in front of the premises, and he afterwards advanced her $40 in payment of one of the assessments. Mrs. Seaney was a widow without children, and lived alone in the property for some years. The defendant in error, Plummer, was a neighbor of Mrs. Seaney, and she did sewing for his children, he being a widower, and in the spring of 1900, during a conversation with her in reference to some sewing, she proposed to Plummer that if he would move into her house with her and build some out-buildings, finish the upstairs of the house, build some walks, etc., and take care of her during her lifetime, she would give him the property. She was in poor health and had a cancer, which the doctors had pronounced incurable, and had no money and was unable to earn a living. Plummer accepted the proposition, moved into the property and did all that was asked of him, and the undisputed evidence shows he expended in improving the place, in provisions, doctor's bills, in sending Mrs. Seaney to the springs for her health, nurses, money advanced, etc., $1711.73, and also that it was worth $350 for taking care of her. On December 10, 1901,—the same date the deed was made from Mrs. Seaney to Plummer,—they had an accounting in writing, which is signed by Mrs. Seaney, and which, giving each item, concludes with the statement that there is

due Taylor Plummer $2161.73. The accounting is not only over the signature of Mrs. Seaney, but is regularly acknowledged by her before the same notary public who took the acknowledgment of the deed to the premises in question. A careful examination of the evidence fails to show that this account is incorrect in any substantial item or particular. The item of $350 for the care of her is contained in the statement of the account and is the last item therein. Of this item, following the account and explanatory of it, Mrs. Seaney declares: "The last item in said statement of $350 for care and attention has been well earned. Much of the time embraced in said item I have been unable to help myself, and I can say in truth that Mr. Plummer has ever been ready at my call to render me any assistance in his power. The items of borrowed money are all true and correct. In fact, every item in said statement is just, and the full sum of $2161.73 is due Taylor Plummer, as aforesaid." The evidence further discloses that the property was not worth to exceed $2000. On December 10, 1901, Mrs. Seaney executed her warranty deed to Plummer, the consideration named in the deed being $1800. The deed was not recorded until May 3, 1902, being the next day after the death of Mrs. Seaney. It further appears that on December 23, 1901, Mrs. Seaney made her will, disposing of all the property, both real and personal, making Plummer her sole devisee and executor without bond, which will was probated at the June term of the county court of Moultrie county. It is claimed by plaintiff in error that a previous will was made by Mrs. Seaney in which he was made devisee, but under the view we take it is not worth while to discuss the previous will, for the reason the last will revoked all former wills made, and defendant in error is not shown to have had any knowledge of it or its provisions.

The master found that no knowledge of the promises of Kittoria F. Seaney to her brother, J. D. Camfield, ever came to said Taylor Plummer; that Taylor Plummer took care of

the deceased; that at the time of the execution of the deed and will Mrs. Seaney was of sound mind and capable of understanding the instruments which she signed and executed; that the acts were voluntary on her part and that the equities are with Taylor Plummer; that no trust of the property has been consummated in the said James D. Camfield, and recommended a decree in accordance with the above facts and conclusions, which was accordingly entered.

We are satisfied that the findings of the master and decree of the court are in accord with the evidence, and while it is no doubt a hardship upon plaintiff in error to lose his money advanced to clear the title to the property, yet as he only had, at most, an equitable title, of which Plummer had no notice, and as the only question is as to the superiority of titles as between Camfield, who only has to sustain his title the letters written by Mrs. Seaney, and Plummer, who has a warranty deed of record showing a valuable consideration, and without any apparent fraud upon the part of the grantee, together with a will duly probated, and which has apparently not been questioned and which could not be attacked except by a direct proceeding,—under these conditions a trust could not arise in favor of plaintiff in error, Camfield. It is a well settled rule of law that a *bona fide* purchaser of real estate will be protected against a prior equitable title of another of which he had no notice.

It is insisted by plaintiff in error that Plummer was not a competent witness, inasmuch as Camfield was a brother and heir of Mrs. Seaney. This could in no way affect Plummer's right to testify in this proceeding, for the reason Camfield did not claim the property as heir nor bring the suit as such.

Finding no reversible error in this record, the decree of the circuit court will be affirmed.          *Decree affirmed.*